UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **David Leroy Bergstrom,** | **Civil No. 10-4911 (SRN/JJG)** |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **Michael J. Astrue, Commissioner of Social Security,** | |
| **Defendant.** | |

JEANNE J. GRAHAM, United States Magistrate Judge

      This case is before the Court on Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The matter has been referred to the undersigned for the issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that the application be granted and Plaintiff be awarded $4,862.50 in attorney's fees.

## I.    BACKGROUND

      Plaintiff David Leroy Bergstrom commenced this action pursuant to 42 U.S.C. § 405(g) for judicial review of an adverse disability benefits determination by the Commissioner of the Social Security Administration. Plaintiff asked the Court to reverse the Commissioner's decision and award him benefits outright or remand the case for further proceedings. The Commissioner answered the complaint and filed the administrative record. Plaintiff then moved for summary judgment on the grounds that the Administrative Law Judge (ALJ) was biased and incorrectly assessed Plaintiff's impairments. Rather than file a summary judgment motion in response, the

Commissioner entered into a stipulation with Plaintiff to remand the matter for further administrative proceedings. On June 6, 2011, the Honorable Susan Richard Nelson, United States District Judge, reversed the ALJ's decision and remanded the matter to the Social Security Administration for a de novo hearing, pursuant to sentence four of 42 U.S.C. § 405(g).

On July 1, 2011, Plaintiff filed the Application for Attorney's Fees, seeking an award of $4,862.50 in attorney's fees. The application seeks compensation for 38.9 hours at an hourly rate of $125.00. Defendant filed a response indicating no objection to the requested fee award.

## II.   DISCUSSION

Under EAJA, a prevailing party in an action against the United States or one of its agencies is entitled to an award of attorney's fees and expenses unless the position of the United States was substantially justified or special circumstances would make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). A plaintiff bears the initial burden to establish that he or she was a prevailing party. *See Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam). Here, Plaintiff became a prevailing party when the Commissioner's decision was reversed and the case was remanded. *See Gordon v. Astrue*, 361 F. App'x 933, 934 (10th Cir. 2010).

"Once a party establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position." *Huett*, 873 F.2d at 1155 (citation omitted). A position was substantially justified if "the denial had a reasonable basis in law and fact." *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citation omitted). Here, by stipulating to a reversal and a remand for a de novo hearing, the Commissioner has conceded that its position was not substantially justified.

The Court now turns to the amount of the fees requested by Plaintiff. Fees requested under EAJA must be reasonable and necessary. *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir.

1988) (citation omitted). The $125.00 hourly rate requested by Plaintiff is authorized by statute, 28 U.S.C. § 2412(d)(2)(A), and presumptively reasonable. The number of hours, 38.9, nears the upper limit for even complex cases, but Defendant has not challenged the number as unreasonable and the Court cannot definitively conclude that any time was expended unnecessarily or unreasonably.

As a final matter, EAJA fee awards are payable to the plaintiff, not to the plaintiff's attorney. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2527-28 (2010). Accordingly, the Court orders that the fee award be made payable to Plaintiff but mailed to Plaintiff's attorney's office.

### III. RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Application for Attorney Fees (Doc. No. 23) be **GRANTED** and that Plaintiff be awarded $4,862.50 in attorney's fees.

Dated: September 13, 2011

                                                                       s/ *Jeanne J. Graham*
                                                                       JEANNE J. GRAHAM
                                                                       United States Magistrate Judge

### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **September 29, 2011**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.